IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Alex Drescher, | Case No. 5:18 CV 793 |
| Petitioner, | ORDER ADOPTING R&R <u>AND DISMISSING PETITION</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Warden Charmaine Bracy, | |
| Respondent. | |

## INTRODUCTION

Petitioner *pro se* Alex Drescher, a state prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Drescher later filed a Motion for Stay and Abeyance (Doc. 7). Respondent Warden Charmaine Bracy opposed the Motion for Stay (Doc. 9) and moved to dismiss the Petition (Doc. 8). These Motions were referred to Magistrate Judge George Limbert for a Report and Recommendation (R&R). The R&R (Doc. 10) recommends this Court deny Drescher's Motion to Stay and grant Bracy's Motion to Dismiss. After an extension (Doc. 12), Drescher timely filed his Objection to the R&R (Doc. 13).

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), this Court reviews *de novo* those portions of the R&R to which objections are made. To trigger *de novo* review, objections to an R&R must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). *See also Aldrich v. Bock*, 327

F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

## DISCUSSION

This Court has reviewed the R&R and finds it accurately states the facts and law. Drescher's Objection does not allege any specific errors in the R&R. He makes two general objections.

First, Drescher objects to the recommendation to deny his Motion for Stay. He wants his Petition stayed while the state court rules on a motion he recently filed to conduct DNA testing on the weapon used in his crime (*see* Doc. 7 at 2). As the R&R explains, to meet the requirements for a stay, Drescher must show: (1) good cause for his failure to exhaust his new claim in state court prior to filing a federal habeas petition; and (2) the unexhausted claim is not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Drescher says he only recently decided to ask the state court for DNA testing after "studying [his] transcripts . . . [and] [l]egal material" (Doc. 13 at 1). But he does not explain why he could not have studied those materials, filed this Motion, and exhausted his state remedies on the DNA issue sooner. Drescher fails to demonstrate good cause for his failure to exhaust his DNA-testing claim prior to filing the Petition. Therefore, he does not satisfy the requirements for a stay.

Second, Drescher objects to the recommendation to dismiss his Petition as time-barred. The statute of limitations for habeas petitions is one year. 28 U.S.C. § 2244(d). The R&R calculated that the Petition was due January 3, 2018, and notes that Drescher did not mail the Petition until April 4, 2018 (Doc. 10 at 12). Drescher argues this three-month delay was not his fault and asks for equitable tolling to extend the limitations period.

2

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. The burden of proof falls on the petitioner to demonstrate grounds for equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Drescher cites his lack of legal knowledge and *pro se* status to excuse his untimely filing. But *pro se* status or procedural ignorance alone cannot excuse prolonged inattention when a statute calls for promptness. *Johnson v. United States*, 544 U.S. 295, 311 (2005). *See also Bonilla v. Hurley*, 370 F.3d 494, 498–99 (6th Cir. 2004) (finding that *pro se* status, ignorance of procedural requirements, and time limits on an inmate's prison-law-library access are insufficient to establish cause to excuse untimely filing). Consequently, Drescher's *pro se* status and claimed procedural ignorance do not excuse his untimely filing.

He further argues that inaction by prison officials caused him delay. He waited a month and a half for his habeas petition packet after his request, and he says a prison librarian caused him additional delay when she did not immediately type his handwritten Petition (*see* Doc. 13 at 2). But these explanations fall short in several ways. He fails to say how long the librarian delayed his Petition and does not say whether these delays added up to at least three months. Further, he does not explain what prevented him from requesting his petition packet earlier or from delivering his Petition to the librarian more promptly. Without more explanation, Drescher fails to meet his burden of proof for equitable tolling. Accordingly, his Petition was untimely filed.

## CONCLUSION

This Court overrules Drescher's Objection (Doc. 13) and adopts the R&R (Doc. 10) in its entirety. The Motion for Stay and Abeyance (Doc. 7) is denied, and the Motion to Dismiss (Doc. 8) is granted. The Petition (Doc. 1) is dismissed.

IT IS SO ORDERED.

                                                        s/ *Jack Zouhary*
                                                        JACK ZOUHARY
                                                        U. S. DISTRICT JUDGE

January 31, 2019